BIJAL V. VAKIL (SBN 192878)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: 650.213.0300
Facsimile:  650.213.8158
Email:       bvakil@whitecase.com

ATTORNEYS FOR DEFENDANT
SQUARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| 4361423 CANADA INC. d/b/a ANYWHERECOMMERCE,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE, INC.,<br><br>Defendant. | Case No.  4:19-cv-04311-JSW<br><br>**SQUARE'S NOTICE OF MOTION AND RULE 12(B)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE:     December 13, 2019<br>TIME:      9:00 a.m.<br>JUDGE:   Jeffrey S. White<br>CTRM:    5 |

**TABLE OF CONTENTS**

I. BRIEF INTRODUCTION AND FACTUAL SUMMARY ................................................. 1

II. LEGAL STANDARD .................................................................................................... 2

III. LEGAL ARGUMENT .................................................................................................... 2

    A. AC Fails to Sufficiently Plead Direct Infringement By Square ............................... 2

        1. AC Fails to Sufficiently Plead Direct Infringement By Square Of the Asserted Method Claims ................................................................ 3

        2. AC Fails to Sufficiently Plead Direct Infringement By Square of the Apparatus Claims .................................................................................. 5

    B. AC Fails to Sufficiently Plead Indirect Infringement By Square ........................... 9

        1. AC Has Not Sufficiently Pled Inducement of Infringement By Square .................................................................................................. 9

        2. AC Has Not Sufficiently Pled Contributory Infringement By Square .................................................................................................. 11

IV. CONCLUSION ............................................................................................................ 12

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

ii

SQUARE'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

CASE NO.: 4:19-CV-04311-JSW

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (*en banc*)...................................................................................4

*Alloc, Inc. v. ITC*,
   342 F.3d 1361 (Fed. Cir. 2003)......................................................................................................9

*Arunachalam v. Apple*,
   2018 U.S. Dist. LEXIS 177921 (N.D. Cal. Oct. 16, 2018) (Davila, J.)................................2, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................2, 7

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
   2016 U.S. Dist. LEXIS 60211 (N.D. Cal. March 9, 2016) (Laporte, J.)....................................8

*Bascom Research LLC v. Facebook*,
   2013 U.S. Dist. LEXIS 41429 (N.D. Cal. March 12, 2013) (Illston, J.)..................................11

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007).......................................................................................................................2

*Bender v. Nat'l Semiconductor Corp.*,
   2009 U.S. Dist. LEXIS 113506 (N.D. Cal. Dec. 7, 2009) (White, J.).................................5, 9

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007).....................................................................................................5

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
   911 F.2d 670 (Fed. Cir. 1990).......................................................................................................9

*Cap Co., Ltd. v. McAfee, Inc.*,
   2015 U.S. Dist. LEXIS 83522 (N.D. Cal. June 26, 2015) (Donato, J.) ............................10, 12

*Comcast Cable Communs., LLC v. OpenTV, Inc.*,
   319 F.R.D. 269 (N.D. Cal. 2017) (Alsup, J.)...............................................................................5

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)...................................................................................................11

*e.Digital Corp. v. iBaby Labs, Inc.*,
   2016 U.S. Dist. LEXIS 111689 (N.D. Cal. 2016) (Tigar, J.)......................................................4

*Finkelstein v. AXA Equitable Life Ins. Co.*,
   325 F. Supp. 3d 1061 (N.D. Cal. 2018) (White, J.) ....................................................................2

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

*Fuzzysharp Techs. Inc. v. NVIDIA Corp.*,
  2013 U.S. Dist. LEXIS 73400 (N.D. Cal. Apr. 18, 2013) (Tigar, J.) ......................................... 12

*Grecia v. VUDU, Inc.*,
  2015 U.S. Dist. LEXIS 16256 (N.D. Cal. Feb. 9, 2015) (Chen, J.) ........................................... 10

*Hewlett-Packard Co. v. Intergraph Corp.*,
  2003 U.S. Dist. LEXIS 26092 (N.D. Cal. Sep. 6, 2003) (Jenkins, J.) ......................................... 8

*Ipventure, Inc. v. ASUS Computer Int'l*,
  2013 U.S. Dist. LEXIS 202253 (N.D. Cal. Jan. 30, 2013) (White, J.) .................................... 2, 5

*Ipventure, Inc. v. Cellco P'ship*,
  2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011) (White, J.) ........................... 5, 8, 10, 11

*J & K IP Assets, LLC v. Armaspec, Inc.*,
  2018 U.S. Dist. LEXIS 74689 (N.D. Cal. May 2, 2018) (Orrick, J.) ........................................... 8

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ................................................................................................. 10

*Rearden LLC v. Walt Disney Co.*,
  293 F. Supp. 3d 963 (N.D. Cal. 2018) (Tigar, J.) ....................................................................... 3

*Uniloc USA, Inc. v. Apple Inc.*,
  2018 U.S. Dist. LEXIS 75225 (N.D. Cal. May 2, 2018)) (Alsup, J.) ................................. 10, 12

*Uniloc USA, Inc. v. Logitech, Inc.*,
  2018 U.S. Dist. LEXIS 197914 (N.D. Cal. Nov. 17, 2018) (Koh, J) ........................................ 10

*Vita- Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................... 9

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
  2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 8, 2011) (Armstrong, J.) ................................ 4

**FEDERAL STATUTES**

35 U.S.C. § 271(a), (b) and (c) ........................................................................................ 1, 8, 9, 11, 12

**FEDERAL RULES**

Fed. R. Civ. P 12(b)(6) ................................................................................................................... 1, 2

Fed. R. Civ. P 12(e) ................................................................................................................. 1, 2, 2, 9

Fed. R. Civ. P 8 .............................................................................................................................. 1, 5

**TO THE COURT AND TO ALL PARTIES OF RECORD**:

**PLEASE TAKE NOTICE** that on December 13, 2019 at 9:00 a.m., or on such other date to be set by the Court, at 1301 Clay Avenue, Oakland, California, in Courtroom 5, before the Honorable Jeffrey S. White, Square, Inc. ("Square") will, and hereby does, move this Court to dismiss 4361423 Canada Inc.'s *doing business as* AnywhereCommerce ("AC") Complaint (Dkt. No. 1) ("Complaint") in its entirety.

Square brings this motion to dismiss under Fed. R. Civ. P 12(b)(6), or in the alternative, a motion for a more definite statement under Fed. R. Civ. P 12(e). AC's Complaint provides only vague and conclusory infringement allegations that fail to state a claim against Square or permit the Court to draw the inference that Square is liable for the misconduct alleged. Notably, AC fails the most basic requirement – a plausible identification of how Square allegedly infringed each claim of an undisputedly complex case with a large number of patents-in-suit. The patents-in-suit are U.S. Patent Nos. 8,281,998; 8,286,875; 9,016,566; 9,269,084; 9,311,637; 9,443,239; 9,613,351; and 9,818,107, each entitled "Apparatus and Method for Commercial Transaction Using a Communication Device" (the "Asserted Patents"). AC alleges direct and indirect infringement through a cookie-cutter Complaint that recites virtually the same allegations across eight different patents without sufficient specificity to rise above the level of mere speculation.

Square is left to litigate in the dark, attempting to defend itself against as many as 127 different claims for alleged direct infringement, including 51 method claims that fail to identify the parties who allegedly performed the infringing method steps. Similarly, AC's Complaint merely recites the elements of induced and contributory infringement, which lacks any facts to provide sufficient notice to Square of the allegations against it on these counts.

In an effort to reduce the burdens on the Court, Square sought to informally resolve this issue. On September 23, 2019, Square attempted to meet and confer with AC (while not required to do so) seeking additional specificity before the deadline to respond to the Complaint. Square's counsel noted that because the upcoming case management conference and the hearing on this motion is set for December 13, 2019, there is no prejudice to AC in using this period to amend its Complaint to provide more specificity. AC refused to stipulate to plead its complaint with

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

additional specificity for the infringement allegations.  Nonetheless, Square will continue to try to informally resolve this to reduce the burdens on the Court.  This Motion seeks entry of an order dismissing the Complaint based on the accompanying Memorandum of Points and Authorities, the record with the Court, arguments of counsel and any other matters that may properly come before the Court for its consideration.  In the alternative, Square seeks a more definite statement under Rule 12(e) so that it may more adequately respond to a more specific identification of the infringement allegations.

Dated: September 23, 2019

Respectfully submitted,

WHITE & CASE LLP

/s/ *Bijal V. Vakil*
BIJAL V. VAKIL (SBN 192878)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: 650.213.0300
Facsimile:  650.213.8158
Email:  bvakil@whitecase.com

ATTORNEYS FOR DEFENDANT
SQUARE, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Square, Inc. ("Square") respectfully moves this Court to dismiss 4361423 Canada Inc.'s, *doing business as* AnywhereCommerce ("AC") Complaint (Dkt. No. 1) ("Complaint") in its entirety so that it can adequately defend itself as detailed below.

## I.   BRIEF INTRODUCTION AND FACTUAL SUMMARY

Square is a leading financial technology company developing products to democratize commerce, and level the playing field for businesses of all sizes.

Jack Dorsey founded Square in 2009 after a conversation with his friend and co-founder, Jim McKelvey. Mr. McKelvey lost a significant sale to a customer who was unable to make a purchase because the customer did not have cash. This inspired Mr. Dorsey and Mr. McKelvey to innovate a means by which any merchant could complete a transaction using only their mobile phones and payment cards. Square revolutionized the mobile payment industry. Today, Square offers a range of devices and solutions using complex, market-leading technologies to promote economic empowerment.

The crux of AC's Complaint is that all of Square's revolutionary devices directly and indirectly infringe up to 127 different patent claims across the eight different patents-in-suit (the "Asserted Patents") under 35 U.S.C. 271(a). AC's Complaint relies on merely reciting the elements of eight (8) "representative" claims (one per patent) in an attempt to plead its claims of infringement. However, even if AC's "representative" claims are actually "representative infringement allegations" – and they are not – they are rife with conclusory statements that fail to address the complex technology in Square's devices. AC's Complaint leaves Square guessing as to the actual allegations of misconduct that would enable Square to answer the Complaint and defend itself.[1] Likewise, AC's conclusory allegations that Square induces other parties to infringe or contribute to others' infringement are simply formulaic recitations of 35 U.S.C. Section 271(b) and (c), respectively, falling well-below the pleading standard to allege indirect infringement.

Under Fed. R. Civ. P 8, AC is required to make a short and plain statement of the claim

---

[1] Because AC's complaint is so deficient at this stage, Square does not waive, and hereby expressly reserves, the right to challenge any remaining allegations under Rule 12 if the Court denies this motion or grants leave to amend or orders a more definite statement.

-1-

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

1  showing that it is entitled to relief by demonstrating a reasonable inference that any of its patent
2  claims are subject to infringement allegations.  AC's Complaint falls short of this standard and
3  should be dismissed under Rule 12(b)(6) for failure to state a claim, or in the alternative, should
4  be ordered to be amended with more specificity under Rule 12(e).

5  **II.    LEGAL STANDARD**

6  This Court can dismiss a complaint under Rule 12(b)(6) where the pleadings fail to state a
7  claim upon which relief can be granted.  *See Ipventure, Inc. v. ASUS Computer Int'l*, 2013 U.S.
8  Dist. LEXIS 202253 at *4 (N.D. Cal. Jan. 30, 2013) (White, J.) (granting motion to dismiss patent
9  infringement case).  A complaint containing nothing more than "labels and conclusions," and "a
10 formulaic recitation of the elements of a cause of action," as is the case here, fails to state a claim.
11 *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

12 To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content
13 that allows the court to draw the reasonable inference that the defendant is liable for the
14 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556).
15 If the allegations are insufficient to state a claim, a court should grant leave to amend, unless
16 amendment would be futile.  *See Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d
17 1061, 1065 (N.D. Cal. 2018) (White, J.).

18 **III.   LEGAL ARGUMENT**

19        **A.     AC Fails to Sufficiently Plead Direct Infringement By Square**

20 The Complaint lacks sufficient recitals to support the allegations that the Square devices
21 practice *every* element of at least one claim of each of the eight Asserted Patents.  *See*
22 *Arunachalam v. Apple*, 2018 U.S. Dist. LEXIS 177921 at *7-8 (N.D. Cal. Oct. 16, 2018) (Davila,
23 J.) (dismissing direct infringement allegations for lack of factual recitals).  Rather, AC's
24 Complaint contains conclusory statements that Square has infringed the Asserted Patents without
25 tying each and every element to the Square devices alleged to infringe method or apparatus
26 claims.  *See id*.
27        ///
28

1. **AC Fails to Sufficiently Plead Direct Infringement By Square Of the Asserted Method Claims**

Each of the Asserted Patents contains both method and apparatus claims. A claim for direct infringement of method claims requires that "all steps of a claimed method are performed by or attributable to" an alleged infringer. *Rearden LLC v. Walt Disney Co.*, 293 F. Supp. 3d 963, 972 (N.D. Cal. 2018) (Tigar, J.) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*)). AC concedes that a third-party "user" is required for the Square products to practice the alleged method and apparatus claims, such as steps performed by the mobile communication device of a user who seeks to accept credit cards or take payments "on their smartphone or tablet." *See* Complaint, Dkt. No. 1 at ¶ 35 (citing Square's website for the allegation that the accused "Readers allow a user to '[a]ccept credit cards anywhere' and 'allow everyone to take payments on their smartphone or tablet'").

For each of the Asserted Patents, at least some of the method claim steps must be performed by a mobile communication device belonging to a customer, purchaser or user other than Square. For example, representative Claim 3 of the '566 Patent and '637 Patent both claim a "method for reading a smart card having recorded information stored on an integrated circuit incorporated into the card." *See id.* at ¶¶ 96, 135. Representative Claim 5 of the '084 Patent similarly claims a "method for reading a smart card." *See id.* at ¶ 115. Each of these supposedly representative claims require that at least one step be performed by a "mobile communication device" not owned or operated by Square. *See id.* at ¶¶ 96, 115, 135. The necessary mobile communication device performs at least the step of "transmitting" a "signal" from a mobile communication device "to a transaction server for further processing." *See id.* AC admits that these method claims may/could be performed by others, but fails to plausibly allege that Square is responsible for the other party's performance of this step in any manner whatsoever. *See id.* at ¶¶ 97, 116, 136 ("Square and others at its direction have performed the claimed method . . . ."). AC further admits that the mobile communication device belongs to a "user," not Square. *See id.* at ¶ 37 (alleging that the signal "is sent to the user's mobile communication device and – ultimately – on to Square's transaction servers").

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

1   The Complaint is replete with similarly deficient allegations of infringement; Claim 3 of
2   the '566 Patent and '637 Patent and Claim 5 of the '084 Patent are merely illustrative examples of
3   AC's formulaic allegations that fail to properly state a claim. *See id*. at ¶¶ 95, 115, 135. Claim 3
4   of the '566 Patent and '637 Patent and Claim 5 of the '084 Patent are "representative" claims that
5   recite steps that are performed by "others" – unspecified customers, purchasers or users. AC's
6   failure to map its allegations against these "others" renders Square unable to discern of how
7   Square alone could plausibly infringe the method claims. *See e.Digital Corp. v. iBaby Labs, Inc.*,
8   2016 U.S. Dist. LEXIS 111689 at *13 (N.D. Cal. 2016) (Tigar, J.) ("While e.Digital has
9   attempted to map most of the elements in the exemplary claim onto its description of the accused
10  products in the FAC, e.Digital has not attempted to map this limitation onto any allegations. . . .
11  Moreover, based on the Court's own independent review, it cannot discern how the FAC could be
12  said to plausibly allege this limitation.")

13  Accordingly, AC's Complaint fails as to up to 51 method claims because AC does not
14  allege that Square practices *every* step of each asserted method claim (or how Square is
15  responsible for the performance of "others"). *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011
16  U.S. Dist. LEXIS 129275 at *10 (N.D. Cal. Nov. 8, 2011) (Armstrong, J.) (holding that "with a
17  method patent infringement claim, to properly allege 'use' of the patent, the patentee must
18  identify the steps of the claimed infringing process that allegedly violated the protected method
19  and must allege that all the protected steps have been used by the infringer"). Moreover, the
20  Complaint fails to plead that a third-party customer, purchaser, or user of a "mobile
21  communication device" performs certain steps, including whether Square is responsible for such
22  performance. *See, e.g.*, *id.* at ¶¶ 97, 116, 136. In conclusion, AC admits that Square could not
23  (and did not) perform every step, but fails to identify the party who allegedly did perform all
24  steps. *See id*.

25  There can be no infringement if Square did not perform (nor is responsible for) every step
26  of the asserted method claims. *See Akamai*, 797 F.3d at 1022 (the court will "hold an entity
27  responsible for others; performance of method steps in two sets of circumstances: (1) where that
28  entity directs or controls others' performance, and (2) where the actors form a joint enterprise.");

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

*BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007).  Likewise, if AC cannot plausibly allege that Square is responsible for the performance of the asserted method claims by directing or controlling the "others" performance, or that Square and the users "form a joint enterprise," the Complaint must be dismissed.  *See Comcast Cable Communs., LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017) (Alsup, J.).  Accordingly, Square is unable to ascertain who AC claims performed the steps, and is therefore unable to defend itself against any of the method claim allegations.

### 2. AC Fails to Sufficiently Plead Direct Infringement By Square of the Apparatus Claims

Of the 76 apparatus claims across the 8 asserted patents, AC has described only five representative claims as being mapped to some of the accused products and apparatus, described *infra*.  AC's conclusory allegations deny Square the proper notice of the claims for direct infringement because there are so many different patent claims that may be asserted beyond just these representative claims.  *See ASUS*, 2013 U.S. Dist. LEXIS 202253 at *2 (granting motion to dismiss five patents accusing defendant's entire product line of computers as well as apparatus and methods utilized by those computers); *see also Bender v. Nat'l Semiconductor Corp.*, 2009 U.S. Dist. LEXIS 113506 at *5-6 (N.D. Cal. Dec. 7, 2009) (White, J.) (granting motion to dismiss allegations of "general categories of products" before plaintiff amended to provide the specific circuitry that allegedly infringed the asserted claims).

AC cannot rely on vague and conclusory allegations in an effort to draw the Court into inferring that Square is liable for direct infringement.  *See ASUS*, 2013 U.S. Dist. LEXIS 202253 at *4 ("Based on these vague and conclusory allegations, the Court finds that Plaintiff has not provided sufficient "factual content that allows the court to draw the reasonable inference" that Defendant is liable for direct infringement.").  Rather, under Rule 8, AC must provide Square with a short and plain statement sufficient to put Square on notice of the infringement claims against it with enough detail to enable Square to answer the complaint and defend itself.  *See Ipventure, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955 at *9 (N.D. Cal. Jan. 21, 2011) (White, J.) (citing *Phonometrics, Inc. v. Hospitality Franchise System, Inc.*, 203 F.3d 790, 794

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

(Fed. Cir. 2000)).

Here are a few illustrative examples from the eight Asserted Patents where AC conclusorily alleges that Square's products infringe *every* element of the apparatus claims:

- Count I ('875 Patent), Count IV ('998 Patent) – AC claims that the Square Magstripe Reader has a "custom chip" that acts as the required "controller" to perform the claim limitation of "converting the captured card information into a signal having an analog audio format suitable for transmission to an analog hands-free jack of a mobile communication device" ('875 Patent), and to encrypt signals ('998 Patent). AC conclusorily cites a magazine blurb *by* Wired.com (not Square) about the functions of the "custom chip" that does not state it is a "controller" for converting or encrypting signals. Instead, the reporter for Wired.com generally stated that Square's "custom chip" is the "brains of the operation," which is just lingo by a third-party, not a fact in support of an infringement allegation. Complaint at ¶¶ 57, 80;

- Count VII ('566 Patent), Count X ('084 Patent), and Count XIII ('637 Patent) – AC repetitively alleges that a "Square EMV Chip Card Reader, operating with the Square Point of Sale application and Square servers" meets every limitation of method Claim 3 of the '566 Patent, method Claim 5 of the '084 Patent, and method Claim 3 of the '637 Patent. AC fails to allege both who performs *every* step using these various Square devices, as described, *supra*, and which device is used to perform every step. AC also fails to allege how these various Square devices and apparatuses have the required components for reading and producing very specific analog signals that are encrypted using complex circuitry. AC only cites unlabeled pictures (as shown below) and an unhelpful citation to a user manual for a Square Chip Card Reader that does not explain

///

the generically stated method claims, which prevents Square from understanding who allegedly performs these steps using which Square devices or apparatuses. Complaint at ¶¶ 98-99, 117-119, 137-139 (below):

 

- Count XVI ('239 Patent) and XIX ('351 Patent) – AC improperly tries to vary its allegations slightly with the next set of repetitive claims, claiming that multiple different Square devices infringe apparatus Claim 1, including the referenced EMV Chip Card Reader and the Square Contactless and Chip Reader, together with the Square Point of Sale application and Square servers.  Yet, AC points to the same unlabeled pictures it previously claimed was just the EMV Chip Card Reader.  Moreover, while Claim 1 of the '239 Patent requires a "smart card" and the '351 Patent refers to the integrated circuit chip on a "smart card," AC never identifies any components of a Square product used in conjunction with this unidentified "smart card" or the "integrated circuit" contained on the card.  Square lacks notice of how the accused devices are infringing, and cannot defend itself against this claim.  These "threadbare recitals" substituting different words into the formulaic recitals of the claims is insufficient to put Square on notice of the infringement allegations. *See Iqbal*, 556 U.S. at 678.

- Count XXII ('107 Patent) – AC tries to combine all of the above devices and apparatuses in its final Asserted Patent, citing the Square Magstripe Readers, Square EMV Chip and Card Reader (unclear how this is different from the aforementioned "Square EMV Chip Reader"), and the Square Contactless and Chip Reader.  Despite broad claims citing to so many products, all AC can point to are unlabeled photos of components.  Without explanation, AC claims that each of the below photos contains circuitry that includes sensors, controllers, and communication links to remote servers, none of which is

1  sufficiently alleged or described in any way.  Square has no way to know what
2  components are at issue here and cannot respond to the Complaint (below):




11  The sections recited above are just some of the examples of the vague and conclusory
12  allegations relied on by AC to plead that Square is liable for direct infringement.  *See also*
13  Complaint at ¶¶ 52-67, 76-84, 93-104, 113-124, 133-144, 153-171, 180-194, 203-214.  As such,
14  AC has failed to meet its pleading standard on all eight of the Asserted Patents.  *See, e.g.*, *J & K*
15  *IP Assets, LLC v. Armaspec, Inc.*, 2018 U.S. Dist. LEXIS 74689 at *4-5 (N.D. Cal. May 2, 2018)
16  (Orrick, J.) (complaint's mere regurgitation of requirements of 35 U.S.C. § 271 not sufficient to
17  survive a motion to dismiss).
18  Conclusory and vague allegations, such as those alleged here, are insufficient to allow
19  Square to respond to infringement allegations for up to 127 different claims — an average of
20  about 16 claims per patent.  That is not enough under the relevant case standards.  *See Cellco*,
21  2011 U.S. Dist. LEXIS 5955 at *9.  Given the plethora of potential claims and the various Square
22  products mentioned, AC cannot simply recite some elements of a representative claim without
23  specifically tying the operation of a specific device to any asserted claim or addressing all of the
24  claim requirements.  *See Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 60211 at
25  *7-8 (N.D. Cal. March 9, 2016) (Laporte, J.) (dismissing patentee's complaint that "recites only
26  some of the elements of the sole asserted claim, and provides only a threadbare description of the
27  alleged abilities of the accused device"); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S.
28

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

Dist. LEXIS 26092 at *6 (N.D. Cal. Sep. 6, 2003) (dismissing without prejudice patentee's complaint due to use of terms that "software and hardware products were infringed by Defendant's" 150 core technology platforms in "over 4000 end-use applications") (Jenkins, J.).

If the Court deems appropriate, in the alternative, Rule 12(e) provides that "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." See Bender, 2009 U.S. Dist. LEXIS 113506 at *5-6 (citing Fed. R. Civ. P. 12(e) in allowing plaintiff to amend to specifically identify the circuitry that allegedly infringed). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." See id. (citing Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)). Pleading with greater detail would enable Square to have a better understanding of the factual allegations as to *every* element of the asserted patents. See Arunachalam, 2018 U.S. Dist. LEXIS 177921 at *7-8.

### B.  AC Fails to Sufficiently Plead Indirect Infringement By Square

AC may plead claims of indirect patent infringement with the requisite specificity. AC attempts to allege infringement in two scenarios: (1) claims for inducement under Section 271(b); and/or (2) contributory infringement under Section 271(c).

#### 1.  AC Has Not Sufficiently Pled Inducement of Infringement By Square

The patent laws provide that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." Vita- Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009). Direct infringement is a prerequisite to indirect infringement. Alloc, Inc. v. ITC, 342 F.3d 1361, 1374 (Fed. Cir. 2003); see also C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 675 (Fed. Cir. 1990) ("A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement.").

Courts in this District have regularly dismissed inducement claims premised on the generic allegations that a patent defendant has induced its customers to infringe patents. See, e.g.,

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

*Uniloc USA, Inc. v. Logitech, Inc.*, 2018 U.S. Dist. LEXIS 197914 at *5-7 (N.D. Cal. Nov. 17, 2018) (Koh, J). (citing *Avocet Sport Tech., Inc. v. Garmin Int'l, Inc.*, 2012 U.S. Dist. LEXIS 87747 at *13 (N.D. Cal. June 5, 2012) (Ware, J.)); *Uniloc USA, Inc. v. Apple Inc.*, 2018 U.S. Dist. LEXIS 75225 at *6-7 (N.D. Cal. May 2, 2018)) (Alsup, J.). Rather, for an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)) (internal quotation marks omitted).

AC's Complaint fails to plausibly allege induced infringement. Rather, AC's alleged inducement claim generically alleges that others infringed on AC's patents, without any specific allegations that Square advertised an infringing use or instructed customers or third parties regarding how to engage in an infringing use. *See, e.g.*, Complaint at ¶¶ 69-70 (alleging that Square induces others, such as customers, purchasers and user, by "advertising and promoting use of the '875 Accused Products in an infringing manner, and distributing guidelines and instructions to third parties on how to use the '875 Accused Products in an infringing manner"). Moreover, AC also fails to plausibly allege that Square "actively and *knowingly* aided and abetted another's direct infringement." *See Grecia v. VUDU, Inc.*, 2015 U.S. Dist. LEXIS 16256 at *22 (N.D. Cal. Feb. 9, 2015) (Chen, J.) (emphasis in original). Rather, AC relies on its allegation that Square provided detailed explanations, instruction and information to third parties, which is insufficient to properly allege inducement. *See Cellco*, 2011 U.S. Dist. LEXIS 5955 at *9 (holding that citing to exhibits to a complaint cannot substitute for factual allegations of actively inducing infringement). Citations to user manuals and the like are not adequate to support an inducement claim. *See Cap Co., Ltd. v. McAfee, Inc.*, 2015 U.S. Dist. LEXIS 83522 at *16 (N.D. Cal. June 26, 2015) (Donato, J.) ("CAP's problem is that it fails to allege any statements by McAfee or Symantec at all. CAP makes passing references to 'user manuals guides, and support articles,' without ever saying what those materials contain, which is wholly inadequate for an inference of specific intent."). AC's Complaint falls far short of plausibly alleging that Square

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

actively and knowingly aided and abetted infringement by others, and for that reason, must be dismissed.

There are additional deficiencies with AC's induced infringement claim. AC also failed to plausibly allege that any third parties were purportedly induced to directly perform any of the method steps by Square. *See e.g.*, Complaint at ¶¶ 69-70 (failing to allege that any third-party performs any specific method steps). Dismissal is appropriate here because AC does not "actually allege" that Square induces any performance of any specific method steps by any third party. *See Bascom Research LLC v. Facebook*, 2013 U.S. Dist. LEXIS 41429 at *16 (N.D. Cal. March 12, 2013) (Illston, J.) (granting motion to dismiss, with leave to amend, where "the complaints do not actually allege that defendants induce performance of all of the steps, in some combination or other").

### 2. AC Has Not Sufficiently Pled Contributory Infringement By Square

To allege contributory infringement, a plaintiff must plausibly allege that a party "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention," while knowing that the component is "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c). Like induced infringement, AC must be able to plausibly allege direct infringement to allege contributory infringement. *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) ("[T]o succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components 'have no substantial non-infringing uses.'").

Like any other claim under *Twombly* and *Iqbal*, conclusory allegations of contributory infringement that simply contain a "bare recitation" of the elements of contributory infringement coupled with the "length of the complaint and the volume of evidence submitted with it, in the form of chart and summaries" to sufficiently allege contributory infringement. *See Cellco*, 2011

WHITE & CASE LLP
ATTORNEYS AT LAW
PALO ALTO

U.S. Dist. LEXIS 5955 at *9; *Fuzzysharp Techs. Inc. v. NVIDIA Corp.*, 2013 U.S. Dist. LEXIS 73400 at *4 (N.D. Cal. Apr. 18, 2013) (Tigar, J.) (holding that plaintiff failed to state a claim for contributory infringement because the allegation in the complaint "do not raise the reasonable inference that . . . [the accused products] have no substantial non-infringing uses").

AC's Complaint falls far short of plausibly pleading contributory infringement. Rather than pleading the requisite knowledge required, AC instead merely recites the elements of contributory infringement. *See, e.g.*, Complaint at ¶¶ 71-75 (alleging that Square contributorily infringes by "supplying the Square Magstripe Reader and Square EMV Chip Card Reader, as well as the Square Point of Sale application . . . upon information and belief, there is no substantial non-infringing use . . . ."). Such allegations are insufficient to survive a motion to dismiss. *See Uniloc USA, Inc. v. Apple Inc.*, 2018 U.S. Dist. LEXIS 75225 at *6-7 (N.D. Cal. May 2, 2018) (Alsup, J.) (a plaintiff's "formulaic recitation of Section 271(c)" is "not entitled to the presumption of truth" at the motion to dismiss stage); *Cap Co.*, 2015 U.S. Dist. LEXIS 83522 at *19-20 ("Although CAP need not prove that the accused products have no substantial noninfringing uses at the pleading stage, it must allege some facts that take its statements from mere lawyerly fiat to a plausible conclusion–for example, by alleging one or more infringing uses of the accused products and alleging that the products have no other uses."). As such, AC's contributory infringement claim must also dismissed.

## IV.  CONCLUSION

This Court should dismiss AC's bare-bones Complaint at this stage because it fails to adequately plead and provide the requisite notice to Square for both its direct and indirect infringement allegations.

Dated: September 23, 2019             Respectfully submitted,

WHITE & CASE LLP

/s/ *Bijal V. Vakil*
BIJAL V. VAKIL (SBN 192878)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900

Palo Alto, CA  94306-2109
Telephone:  650.213.0300
Facsimile:  650.213.8158
Email:  bvakil@whitecase.com

ATTORNEYS FOR DEFENDANT
SQUARE, INC.